**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5513

KENNETH WAYNE SWEENEY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
William B. Traxler, Jr., District Judge.
(CR-95-258)

Submitted: June 20, 1996

Decided: July 15, 1996

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. J. Preston Strom, Jr., United States
Attorney, David C. Stephens, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kenneth Wayne Sweeney was convicted by a jury of possession with intent to distribute and distribution of crack cocaine, 21 U.S.C.A. § 841 (West 1981 & Supp. 1996). He was sentenced to serve twenty-four months imprisonment. Sweeney's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that, in his view, there are no meritorious issues for appeal. Sweeney was advised of his right to file a supplemental pro se brief, but has not chosen to do so. We affirm.

An undercover police officer and a confidential informant testified at Sweeney's trial that at about 7:00 p.m. on September 15, 1993, the informant took the officer to Sweeney's mobile home where Sweeney sold .30 grams of crack to the officer for $40. The informant knew Sweeney because she had bought crack from him before. When they arrived at his mobile home, Sweeney was cooking crack with a blowtorch. Although no lights were on in the mobile home, the officer testified that Sweeney stood at the sink, where the light from the window allowed her to get a good look at him. Sweeney presented no evidence.

We first find that the evidence was sufficient to convict Sweeney. To sustain a conviction, the evidence when viewed in the light most favorable to the government must be sufficient for a rational jury to find the essential elements of the crime beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). The testimony of the government's witnesses was enough to establish Sweeney's guilt if the jury found them credible, which it did. An appellate court does not review the jury's decision on the credibility of witnesses. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

The district court did not err in finding the rule of lenity inapplicable and sentencing Sweeney under the penalties for crack offenses set out in § 841. See, e.g., United States v. Fisher, 58 F.3d 96, 99 (4th Cir.), cert. denied, ___ U.S. #6D6D 6D#, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923). Nor did the court err in declining to depart on

2

the ground that the 100-to-1 ratio for crack and cocaine offenses lacks a rational basis or was inadequately considered by the Sentencing Commission. See United States v. Hayden, ___ F.3d ___, 1996 WL 287799, at *3 (4th Cir. May 31, 1996); United States v. Anderson, ___ F.3d ___, 1996 WL 174568, at *2 (D.C. Cir. Apr. 16, 1996).

In accordance with Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We therefore affirm the conviction and the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

AFFIRMED

3